JACKSON et al. *v.* UNITED STATES.

No. 361.   Argued March 4, 1964.—Decided March 23, 1964.

*Paul Burks* argued the cause for petitioners.   With him on the briefs were *Edward L. Compton* and *John C. Argue.*

*John B. Jones, Jr.* argued the cause for the United States.   With him on the brief were *Solicitor General Cox, Assistant Attorney General Oberdorfer, Robert N. Anderson* and *Michael I. Smith.*

MR. JUSTICE WHITE delivered the opinion of the Court.

Since 1948 § 812 (e)(1)(A) of the Internal Revenue Code of 1939 has allowed a "marital deduction" from a decedent's gross taxable estate for the value of interests

in property passing from the decedent to his surviving spouse.[1]  Subsection (B) adds the qualification, however, that interests defined therein as "terminable" shall not qualify as an interest in property to which the marital deduction applies.[2]  The question raised by this case is whether the allowance provided by California law for the support of a widow during the settlement of her husband's estate is a terminable interest.

Petitioners are the widow-executrix and testamentary trustee under the will of George Richards who died a resident of California on May 27, 1951.  Acting under the Probate Code of California, the state court, on June 30, 1952, allowed Mrs. Richards the sum of $3,000 per month from the corpus of the estate for her support and maintenance, beginning as of May 27, 1951, and continuing for a period of 24 months from that date.  Under the terms of the order, an allowance of $42,000 had

---

[1] The deduction allowed is: "An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate."  26 U. S. C. (1952 ed.) § 812 (e) (1) (A).

[2] Subsection (B) provides in pertinent part: "Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse."  26 U. S. C. (1952 ed.) § 812 (e) (1) (B).

The marital-deduction and terminable-interest provisions of the 1954 Code are similar to those of its 1939 counterpart. See 26 U. S. C. (1958 ed.) § 2056 (a) and (b).

accrued during the 14 months since her husband's death. This amount, plus an additional $3,000 per month for the remainder of the two-year period, making a total of $72,000, was in fact paid to Mrs. Richards as widow's allowance.

On the federal estate tax return filed on behalf of the estate, the full $72,000 was claimed as a marital deduction under § 812 (e) of the Internal Revenue Code of 1939. The deduction was disallowed, as was a claim for refund after payment of the deficiency, and the present suit for refund was then brought in the District Court. The District Court granted summary judgment for the United States, holding, on the authority of *Cunha's Estate* v. *Commissioner,* 279 F. 2d 292, that the allowance to the widow was a terminable interest and not deductible under the marital provision of the Internal Revenue Code. The Court of Appeals affirmed, 317 F. 2d 821, and we brought the case here because of an asserted conflict between the decision below and that of the Court of Appeals for the Fifth Circuit in *United States* v. *First National Bank & Trust Co. of Augusta,* 297 F. 2d 312. 375 U. S. 894. For the reasons given below, we affirm the decision of the Court of Appeals.

In enacting the Revenue Act of 1948, 62 Stat. 110, with its provision for the marital deduction, Congress left undisturbed § 812 (b) (5) of the 1939 Code, which allowed an estate tax deduction, as an expense of administration, for amounts "reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent." 26 U. S. C. (1946 ed.) § 812 (b)(5). As the legislative history shows, support payments under § 812 (b)(5) were not to be treated as part of the marital deduction allowed by § 812 (e)(1).[3] The Revenue Act of 1950, 64 Stat. 906, however, re-

---

[3] S. Rep. No. 1013, Part 2, 80th Cong., 2d Sess., p. 3.

pealed § 812 (b)(5) because, among other reasons, Congress believed the section resulted in discriminations in favor of States having liberal family allowances.[4] Thereafter allowances paid for the support of a widow during the settlement of an estate "heretofore deductible under section 812 (b) will be allowable as a marital deduction subject to the conditions and limitations of section 812 (e)." ·S. Rep. No. 2375, 81st Cong., 2d Sess., p. 130.

The "conditions and limitations" of the marital deduction under § 812 (e) are several but we need concern ourselves with only one aspect of § 812 (e)(1)(B), which disallows the deduction of "terminable" interests passing to the surviving spouse. It was conceded in the Court of Appeals that the right to the widow's allowance here involved is an interest in property passing from the decedent within the meaning of § 812 (e)(3), that it is an interest to which the terminable-interest rule of § 812 (e)(1)(B) is applicable, and that the conditions set forth in (i) and (ii) of § 812 (e)(1)(B) were satisfied under the decedent's will and codicils thereto. The issue, therefore, is whether the interest in property passing to Mrs. Richards as widow's allowance would "terminate or fail" upon the "lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur."

We accept the Court of Appeals' description of the nature and characteristics of the widow's allowance under California law. In that State, the right to a widow's allowance is not a vested right and nothing accrues before the order granting it. The right to an allowance is lost when the one for whom it is asked has lost the status upon

---

[4] The legislative history states: "In practice [the support allowance deduction] has discriminated in favor of estates located in States which authorize liberal allowances for the support of dependents, and it has probably also tended to delay the settlement of estates." S. Rep. No. 2375, 81st Cong., 2d Sess., p. 57.

which the right depends. If a widow dies or remarries prior to securing an order for a widow's allowance, the right does not survive such death or remarriage. The amount of the widow's allowance which has accrued and is unpaid at the date of death of the widow is payable to her estate but the right to future payments abates upon her death. The remarriage of a widow subsequent to an order for an allowance likewise abates her right to future payments. 317 F. 2d 821, 825.

In light of these characteristics of the California widow's allowance, Mrs. Richards did not have an indefeasible interest in property at the moment of her husband's death since either her death or remarriage would defeat it. If the order for support allowance had been entered on the day of her husband's death, her death or remarriage at any time within two years thereafter would terminate that portion of the interest allocable to the remainder of the two-year period. As of the date of Mr. Richards' death, therefore, the allowance was subject to failure or termination "upon the occurrence of an event or contingency." That the support order was entered in this case 14 months later does not, in our opinion, change the defeasible nature of the interest.

Petitioners ask us to judge the terminability of the widow's interest in property represented by her allowance as of the date of the Probate Court's order rather than as of the date of her husband's death. The court's order, they argue, unconditionally entitled the widow to $42,000 in accrued allowance of which she could not be deprived by either her death or remarriage. It is true that some courts have followed this path,[5] but it is difficult to accept an approach which would allow a deduc-

---

[5] *United States* v. *First National Bank & Trust Co. of Augusta*, 297 F. 2d 312 (C. A. 5th Cir.); *Estate of Gale* v. *Commissioner*, 35 T. C. 215; *Estate of Rudnick* v. *Commissioner*, 36 T. C. 1021.

tion of $42,000 on the facts of this case, a deduction of $72,000 if the order had been entered at the end of two years from Mr. Richards' death and none at all if the order had been entered immediately upon his death. Moreover, judging deductibility as of the date of the Probate Court's order ignores the Senate Committee's admonition that in considering terminability of an interest for purposes of a marital deduction "the situation is viewed as at the date of the decedent's death." S. Rep. No. 1013, Part 2, 80th Cong., 2d Sess., p. 10. We prefer the course followed by both the Court of Appeals for the Ninth Circuit in *Cunha's Estate, supra,* and by the Court of Appeals for the Eighth Circuit in *United States* v. *Quivey,* 292 F. 2d 252. Both courts have held the date of death of the testator to be the correct point of time from which to judge the nature of a widow's allowance for the purpose of deciding terminability and deductibility under § 812 (e)(1). This is in accord with the rule uniformly followed with regard to interests other than the widow's allowance, that qualification for the marital deduction must be determined as of the time of death.[6]

Our conclusion is confirmed by § 812 (e)(1)(D),[7] which saves from the operation of the terminable-interest

---

[6] *Bookwalter* v. *Lamar,* 323 F. 2d 664 (C. A. 8th Cir.); *United States* v. *Mappes,* 318 F. 2d 508 (C. A. 10th Cir.); *Commissioner* v. *Ellis' Estate,* 252 F. 2d 109 (C. A. 3d Cir.); *Starrett* v. *Commissioner,* 223 F. 2d 163 (C. A. 1st Cir.); *Estate of Sbicca* v. *Commissioner,* 35 T. C. 96.

[7] "For the purposes of subparagraph (B) an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail upon the death of such spouse if—

"(i) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding six months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

"(ii) such termination or failure does not in fact occur." 26 U. S. C. (1952 ed.) § 812 (e)(1)(D).

rule interests which by their terms may (but do not in fact) terminate only upon failure of the widow to survive her husband for a period not in excess of six months. The premise of this provision is that an interest passing to a widow is normally to be judged as of the time of the testator's death rather than at a later time when the condition imposed may be satisfied; hence the necessity to provide an exception to the rule in the case of a six months' survivorship contingency in a will.[8] A gift conditioned upon eight months' survivorship, rather than six, is a nondeductible terminable interest for reasons which also disqualify the statutory widow's allowance in California where the widow must survive and remain unmarried at least to the date of an allowance order to become indefeasibly entitled to any widow's allowance at all.

Petitioners contend, however, that the sole purpose of the terminable-interest provisions of the Code is to assure that interests deducted from the estate of the deceased spouse will not also escape taxation in the estate of the survivor. This argument leads to the conclusion that since it is now clear that unless consumed or given away during Mrs. Richards' life, the entire $72,000 will be taxed to her estate, it should not be included in her husband's. But as we have already seen, there is no provision in the Code for deducting all terminable interests which become nonterminable at a later date and therefore taxable in the estate of the surviving spouse if not consumed or trans-

---

[8] The Senate Report accompanying the House bill which eventually became law states that "Subparagraph (D) of section 812 (e)(1) provides an exception to the terminable interest rule under subparagraph (B) of such section. This exception is for the purpose of allowing the marital deduction in certain cases where there is a contingency with respect to the interest passing to the surviving spouse under a common-disaster clause or similar clause in the decedent's will." S. Rep. No. 1013, Part 2, 80th Cong., 2d Sess., p. 15.

ferred. The examples cited in the legislative history make it clear that the determinative factor is not taxability to the surviving spouse but terminability as defined by the statute.[9] Under the view advanced by petitioners all cash allowances actually paid would fall outside § 812 (e)(1)(B); on two different occasions the Senate has refused to give its approval to House-passed amendments to the 1954 Code which would have made the terminable-interest rule inapplicable to all widow's allowances actually paid within specified periods of time.[10]

We are mindful that the general goal of the marital deduction provisions was to achieve uniformity of federal estate tax impact between those States with community property laws and those without them.[11] But the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations, including the terminable-interest rule. These provisions may be imperfect devices to achieve the desired end,[12] but they are the means which Congress chose. To the extent it was thought desirable to modify the rigors of the terminable-interest rule, exceptions to the rule were written into the Code. Courts should hesitate to provide still another exception by straying so far from the statutory language as to allow a marital deduction for the widow's allowance provided by the California statute.

---

[9] *Id.*, at 10, 11, 15.

[10] See S. Rep. No. 1622, 83d Cong., 2d Sess., p. 125; H. R. 2573, 86th Cong., 1st Sess.; and H. R. Rep. No. 818, 86th Cong., 1st Sess.

[11] *United States* v. *Stapf*, 375 U. S. 118.

[12] See Surrey, Federal Taxation of the Family—The Revenue Act of 1948, 61 Harv. L. Rev. 1097, 1156–1157; Anderson, The Marital Deduction and Equalization Under the Federal Estate and Gift Taxes Between Common Law and Community Property States, 54 Mich. L. Rev. 1087, 1109.

The achievement of the purposes of the marital deduction is dependent to a great degree upon the careful drafting of wills; we have no fear that our decision today will prevent either the full utilization of the marital deduction or the proper support of widows during the pendency of an estate proceeding.

*Affirmed.*

MR. JUSTICE DOUGLAS dissents.