Per Curiam :
The pertinent facts of this case are just like those in Jackson v. United States, 376 U.S. 503, decided by the Supreme Court on March 23,1964. During the administration of the estate of a California decedent who died testate, the California court issued orders, under the Probate Code of that state, pursuant to which there was paid to the widow, out of the estate corpus, a total of $405,000 for her support and maintenance (during a period of somewhat over three years). The executors claim that these payments are deductible from the estate tax as part of the marital deduction allowed by Section 812(e) (1) (B) of the Internal Revenue *515 Code of 1939. Jackson held that such payments are not so deductible because they are “terminable” interests excepted by the Code from the marital deduction.
Plaintiffs make no effort to distinguish Jackson on the facts. They say, however, that the Supreme Court’s opinion by-passes and leaves open two of the arguments presented to this court. The first such contention is that the “terminable interest” provisions do not apply at all to support allowances paid to a surviving spouse under applicable state law. The second is that, even though the widow’s interest is terminable, the support payments are still not nondeductible because no interest in that property passes or has passed (under Section 812(e) (3)) from the decedent to a person other than the widow. If plaintiffs are correct that these general legal issues were left open by the Supreme Court and should now be decided in favor of the estate, the strange result would be that the Jackson opinion and decision would affect only that particular estate and would govern the decision in no other case in which these two issues were or could be raised. Nevertheless, plaintiffs insist that we must take these two issues to have been left undecided because the Supreme Court said (316 U.S. at 506) :
The “conditions and limitations” of the marital deduction under § 812(e) are several but we need concern ourselves with only one aspect of § 812(e) (1) (B), which disallows the deduction of “terminable” interests passing to the surviving spouse. It was conceded in the Court of Appeals that the right to the widow’s allowance here involved is an interest in property passing from the decedent within the meaning of § 812(e) (3), that it is an interest to which the terminable interest rule of § 812 (e) (1) (B) is applicable, and that the conditions set forth in (i) and (ii) of § 812(e) (1) (B) were satisfied under the decedent’s will and codicils thereto. The issue, therefore, is whether the interest in property passing to Mrs. Bichards as widow’s allowance would “terminate or fail” upon the “lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur.”
We think that, in referring to the taxpayers’ concession in the Court of Appeals, the Supreme Court meant to accept the *516 concession as required by the Code and the decided cases — not to leave those issues open. The basic postulate of the Court’s opinion was that, once it had determined that the widow’s interest was terminable, the necessary consequence would be the non-deductibility of the support payments. In its last paragraph, the opinion says flatly (after referring to the specified exceptions to the “terminable interest rule”): “Courts should hesitate to provide still another exception by straying so far from the statutory language as to allow a marital deduction for the widow's allowance provided by the California statute” (376 U.S. at 510 (emphasis added)). The opinion does not say or suggest that the Court was deferring consideration of any general issue going to the deductability of the California widow’s allowance.[1]
In addition, the opinion reflects the Court’s rejection of each of the separate arguments plaintiffs now put forward. For instance, the Court specifically characterized “the terminable interest rule” (as applied to support payments) as one of the “limitations” Congress imposed upon the marital deduction (376 U.S. at 510), and in the passage quoted above at some length the Court also referred to “the terminable interest rule” as among the “conditions and limitations” of the marital deduction (id. at 506). There is no doubt, we think, that the Court considered the “terminable interest” provisions as applying to the right to a widow’s allowance under California law. On the other issue of whether an interest in the property passes to another than the widow, the Court’s opinion likewise shows that the contention plaintiffs now make was turned down. The taxpayer’s argument is premised on rejection of the rule of Cunha's Estate v. Commissioner, 279 F. 2d 292 (C.A. 9, 1960) and United States v. Quivey, 292 F. 2d 252 (C.A. 8, 1961), that “the date of death of the testator * * * [is] the correct point of time from which to judge the nature of a widow’s allowance for the purpose of deciding terminability and deductibility under § 812(e)(1).” 376 U.S. at 508. But the Supreme Court embraced and adopted that very rule (ibid.) — thus destroying the foundation of plaintiffs’ *517 argument. Moreover, after pointing- out that “under the view advanced by petitioners [the taxpayers in Jaokson], all cash allowances actually paid would fall outside § 812 (e) (1) (B),” the Court noted that “on two different occasions the Senate has refused to give its approval to House-passed amendments to the 1954 Code which would have made the terminable interest rule inapplicable to all widow’s allowances actually paid within specified periods of time” (id. at 510).
Plaintiffs’ case is wholly governed by Jaohson. Under that decision, there can be no recovery and the petition must be dismissed.
FINDINGS OF FACT
The court, having considered the stipulation of the parties, and the briefs and arguments of counsel, makes findings of fact as follows:
1. William Randolph Hearst died testate at Beverly Hills, California, on August 14, 1951. At the time of his death the decedent was a resident of the County of Los Angeles, State of California. The decedent’s will was duly probated in the Superior Court of the State of California, in and for the County of Los Angeles, as Case No. 320,783. Under his will and codicils thereto, the decedent, after making certain specific bequests to his surviving spouse and others, bequeathed the residue of his estate to the California Charities Foundation (now known as the William Randolph Hearst Foundation).
2. Pursuant to petitions duly filed and heard, the said Superior. Court of the State of California, in and for the County of Los Angeles, did, on August 27,1951, February 25, 1952, March 5, 1953, August 27, 1953, December 28, 1953, April 2, 1954, July 21, 1954, and October 26, 1954, order, adjudge and decree, pursuant to the provisions of Sections 680 to 682, inclusive, of the California Probate Code, that the Executors of the will of the said William Randolph Hearst were authorized and directed to pay from the corpus of decedent’s Estate to Millicent V. Hearst, decedent’s widow, for her support and maintenance, the total amount of $405,000.00.
*518 3. The Order of August 27,1951, approved an allowance at the rate of $10,000.00 per month “beginning from August 14,1951, the date of death of decedent, and to continue until the filing of the inventory and appraisement herein but not to exceed six months from death, payable from corpus.”
4. The Order of February 25,1952, approved an allowance at the rate of $10,000.00 per month “continuing on and from February 14, 1952, until the further order of the Court, but not exceeding twelve months from February 14, 1952, payable out of corpus.”
5. The Order of March 5, 1953, approved an allowance at the rate of $10,000.00 per month “continuing on and from February 14,1953, until the further order of the Court, but not exceeding six months from February 14, 1953, payable out of corpus.”
6. The Order of August 27, 1953, approved an allowance at the rate of $10,000.00 per month “continuing on and from August 14, 1953, until the further order of the Court, but otherwise terminating on December 31, 1953, payable out of corpus.”
7. The Order of December 28, 1953, approved an allowance at the rate of $10,000.00 per month “continuing on and from December 31,1953, until the further order of the Court, but otherwise terminating on March 31, 1954, payable out of corpus.”
8. The Order of April 2, 1954, approved an allowance at the rate of $10,000.00 per month “continuing on and from March 31, 1954, until the further order of the Court, but otherwise terminating on June 30, 1954, payable out of corpus.”
9. The Order of July 21, 1954, approved an allowance at the rate of $10,000.00 per month “continuing on and from June 30, 1954, until the further order of the Court, but otherwise terminating on September 30, 1954, payable out of corpus.”
10. The Order of October 26,1954, approved an allowance at the rate of $10,000.00 per month “continuing on and from September 30, 1954, until the further order of the Court, but otherwise terminating on December 31,1954, payable out of corpus.”
*519 11. Pursuant to such. Orders the Executors paid to said Millicent V. Hearst, as support and maintenance, the said total amount of $405,000.00 on the dates and in the amounts set forth as follows:
September 28, 1951_$10,009.00
September 28, 1951_ 10,000. 00
November 9, 1951_ 10,000.00
December 12, 1951_ 10,000.00
January 11, 1952_ 10,000.00
February 11, 1952_ 10,000.00
March 14, 1952_ 10,000.00
April 14, 1952_ 10,000.00
May 14, 1952_ 10,000.00
June 12, 1952_ 10,000.00
July 10, 1952_ 10,000.00
August 14, 1952_ 10,000.00
September 11, 1952_ 10,000.00
October 13, 1952_ 10,000.00
November 14, 1952_ 10,000.00
December 12, 1952_ 10,000.00
January 14, 1953_ 10,000.00
February 11, 1953_ 10, 000.00
March 12, 1953_ 10,000.00
April 14, 1953_ 10,000.00
May 12, 1953_ 10,000.00
June 11, 1953_ 10,000.00
July 10, 1953_ 10,000.00
August 11, 1953_ 10,000.00
September 4, 1953_ 10,000.00
October 9, 1953_,_ 10,000.00
November 12, 1953_ 10,000.00
December 11, 1953_ 10,000.00
December 31, 1953_ 5,000.00
January 28, 1954- 10,000.00
February 26, 1954_ 10,000. 00
March 29, 1954_ 10,000.00
April 27, 1954_ 10, 000. OO
May 28, 1954_ 10, 000. 00
June 28, 1954_ 10,000. 00
July 28, 1954_ 10, 000. 00
August 28, 1954_ 10,000. 00
September 28, 1954_ 10, 000. 00
October 29, 1954_ 10,000.00
November 29, 1954_ 10,000. 00
December 31, 1954_ 10, 000. 00
*520 12. The payment of said amounts to decedent’s widow was duly authorized under the laws of the State of California during the settlement of decedent’s Estate for the support and maintenance of Millicent V. Hearst as the surviving widow of decedent. The entire said $405,000.00 was paid from the residual corpus of the decedent’s Estate and was in addition to amounts specifically bequeathed to the surviving spouse.
13. The federal estate tax return for the Estate of William Randolph Hearst was filed with the Collector of Internal Revenue at Los Angeles, California, on November 13, 1952, and the tax shown due thereon, $1,972,718.18, paid. In the determination of such tax the Estate claimed as a marital deduction under the provisions of Section 812(e) of the Internal Revenue Code of 1939, as amended, the sum of $180,000.00 which at that time had been paid as support and maintenance allowances to Millicent Y. Hearst.
14. At the time of the examination of the said federal estate tax return by an agent of the Internal Revenue Service, an additional $225,000.00 was claimed by the Estate as a marital deduction, such amount having in the meantime been also paid to Millicent Y. Hearst as support and maintenance allowances. Upon such examination, however, the entire $405,000.00 paid as support and maintenance allowances to Millicent Y. Hearst was disallowed by the agent as a marital deduction.
15. On July 7, 1955, the executors of the Estate filed a waiver of restrictions against assessment and collection of deficiencies (Form 890) of estate taxes in the amount of $982,245.03; such amount, plus interest thereon of $155,-800.21, was thereafter assessed. On July 6, 1955, in order to stop the running of interest on the proposed deficiency assessment, the Estate paid the amounts described above. Of these amounts, $707,305.01 in tax and $112,190.18 in assessed interest, or a total of $819,495.19, was attributable to the disallowance of the $405,000.00 maintenance and support payments to Millicent Y. Hearst as a marital deduction.
16. On December 20, 1956, the Estate filed with the District Director of Internal Revenue at Los Angeles, California, a claim for refund of Federal estate taxes in the amount *521 of $823,313.10, together with interest thereon from July 6, 1955, to date of refund as provided by law. The said claim asserted the right to a refund based on (1) the disallowance as a marital deduction of the aforementioned $405,000.00 paid to Millicent Y. Hearst and (2) an adjustment of the expenses of administration and debts of the Estate theretofore claimed and allowed.
17. The said refund claim was allowed in the amount of $3,873.46, such allowance representing a partial recognition of the portion of the claimed refund attributable to the adjustment of the expenses of administration and debts of the Estate. The said refund claim, to the extent not thus previously allowed, was rejected in a notice of disallowance addressed to the Estate from the District Director of Internal Revenue at Los Angeles, California, under date of February 19, 1960, and delivered by registered mail.
18. The said refund claim stated, among other things, that:
“Millicent V. Hearst received and had the full and unrestricted use and enjoyment of the said $405,000.00 as aforesaid and all amounts received by her by reason of said decedent’s death, including said $405,000.00, did not exceed in amount or value 50% of decedent’s ‘adjusted gross estate’ as defined by Sec. 812(e). Said $405,000.00 did in all other respects qualify as an allowable deduction in the computation of Federal estate tax due by reason of decedent’s death, pursuant to the requirements and provisions of See. 812(e), and should be allowed as a deduction thereunder in computing said tax.”
19. Pursuant to an Order Approving Eighth and Final Accounting and Report and Decree of Distribution, said refmid claim was distributed to the William Randolph Hearst Foundation as residuary legatee under the will of William Randolph Hearst. Accordingly, the William Randolph Hearst Foundation is the real party in interest in this action.
20. All amounts received by Millicent V. Hearst by reason of decedent’s death, including the said $405,000.00 received as support and maintenance, did not exceed in amount or value 50% of decedent’s “adjusted gross estate” *522 as defined by Section 812(e) of the Internal Revenue Code of 1939.
21. The only issue now before the court is whether the Estate is entitled to a marital deduction under Section 812(e) of the Internal Revenue Code of 1939, as amended for the $405,000.00 (or any portion thereof) paid to Millicent V. Hearst for her support and maintenance, pursuant to the facts found herein as well as the provisions of Sections 680 to 682, inclusive, of the California Probate Code and the decisions of the California courts thereunder.
CONCLUSION OE LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiffs are not entitled to recover, and the petition is dismissed.

In United States v. Edmondson, 331 F. 2d 676, decided May 15, 1964, the Fifth Circuit applied the Jackson decision to Georgia support allowances.