# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3648

_____

Carol S. Patterson; Commerce Bank,    *
N.A., as Co-Executors for the Estate of    *
Robert M. Patterson,    *
   *
        Appellants,    *
   *
        v.    *   Appeal from the United States District
   *   Court for the Western District of Missouri.
United States of America,    *
   *
        Appellee.    *

_____

Submitted: April 22, 1999

Filed: May 18, 1999

_____

Before BOWMAN, Chief Judge, ROSS and FAGG , Circuit Judges.

_____

ROSS, Circuit Judge.

Carol S. Patterson and Commerce Bank, N.A., co-executors for the estate of Robert M. Patterson, appeal from a judgment of the district court upholding a decision of the Internal Revenue Service (IRS) disallowing a portion of a marital deduction. We reverse and remand.

On November 16, 1989, the decedent executed a will and a trust agreement. Article I of the will "direct[ed][the] Executor to pay out of the residue of [the] estate any and all . . . death taxes." However, the article also provided that in the event there was a trust in existence at the time of death, "any part or all . . . of such . . . taxes may, in the discretion of the Trustee . . ., be paid from the assets thereof." Article IV of the will provided that the residue of the estate was to be added to the trust.

Article VII of the trust agreement created a marital trust, directing the trustee to "set aside a ten percent fractional share of [the] remainder of the Trust Estate, computed before any reduction for . . . death taxes." Article X of the trust agreement provided that the trustee, "in its sole discretion, if it deems it expedient and in the best interest of Donor's beneficiaries," pay death taxes from the trust estate.

The estate paid $4,666,567.61 in federal death taxes from the trust estate. The estate tax return reflected the value of the assets passing to the marital trust was $629,504.31, which was ten percent of the value of the remainder of the trust estate as augmented by the residue of the probate estate computed before reduction for death taxes. The co-executors elected to treat the full value of the marital trust as a qualified terminable interest property (QTIP) deduction under 26 U.S.C. § 2056(b)(7). The IRS disallowed $74,242.87 of the marital deduction, contending taxes had to be paid from the probate estate. Under its calculations, because the death taxes exceeded the value of the probate estate, there was no probate residue to be added to the trust estate.

After paying the additional taxes and after the IRS denied a claim for a refund, the co-executors filed an action in the district court. The court granted the IRS' motion for summary judgment, holding that Article I of the will unambiguously directed that taxes be paid from the probate estate.

On appeal, the co-executors argue the district court erred in holding that the will unambiguously directed that taxes be paid from the probate estate. It is undisputed that

interpretation of the will and apportionment of death taxes is governed by Kansas state law. See Riggs v. Del Drago, 317 U.S. 95, 97-98 (1942). Our task "is to ascertain the testator's intent from the four corners of the will." In re Estate of Cline, 898 P.2d 643, 646 (Kan. 1995). We must give "every single provision thereof a practicable operative effect." Drach v. Ely, 703 P.2d 746, 749 (Kan. 1985) (internal quotation omitted). Moreover, under Kansas law, "[t]he will and the trust [agreement] must be considered and construed together to determine which document shall govern the apportionment of death taxes." In re Estate of Pickrell, 806 P.2d 1007, 1011 (Kan. 1991).

Although Article I of the will directed that the co-executors pay taxes from the probate estate, the district court erred by disregarding that the article also provided that if a trust was in existence at the time of death, the trustee had discretion to pay death taxes from the trust estate. Considering the will and the trust agreement together, we agree with the co-executors that the documents unambiguously express the decedent's intent to give the trustee discretion to pay taxes from the trust estate. Indeed, in its brief the IRS concedes that "[c]learly, the language of the will and the trust agreement gave the . . . trustees . . . the discretion to pay the taxes out of the trust estate."[1] In addition, Article VII of the trust agreement is a clear and unambiguous direction that the marital share be unburdened by death taxes.

Because of its concession, on appeal the IRS presents an alternative ground for affirmance. It argues even if the trustee had discretion to pay taxes from the trust

---

[1]Despite its concession in its brief, at oral argument the IRS asserted that the will was ambiguous as to the trustee's discretion. Even if it were ambiguous, under Kansas law, "it is presumed that [the decedent] intended his estate and surviving spouse to have the fullest benefit of the marital deduction." Jackson v. Jackson, 536 P.2d 1400, 1406 (Kan. 1975). Contrary to the IRS' suggestion at argument, "[i]t would, indeed, be difficult in the usual case . . . to attribute to the testator an intention that his estate should pay an increased estate tax and that his widow's distributable share should be reduced." Id. (internal quotation omitted).

estate, the discretion is irrelevant as a matter of federal law. The IRS contends the value of the probate estate must be fixed as of the date of the decedent's death, and not when the trustee exercises his discretion, which is necessarily post-mortem. The IRS relies on Jackson v. United States, 376 U.S. 503, 507-11 (1964), in which the Supreme Court held that a widow's allowance arising under state law which had not yet vested as of her husband's date of death could not be included as part of the marital deduction because it was a terminable interest.

"Jackson is readily distinguishable from this case and not in point." Estate of Spencer v. Comm'r, 43 F.3d 226, 231 (6th Cir. 1995). "In the instant case, the decedent used an estate planning device unknown when Jackson was decided -- the QTIP . . .." Id.[2] Before the QTIP was enacted in 1981, "if the property passe[d] to the surviving spouse in the estate of the first to die and also escaped taxation in the estate of the surviving spouse because the property constituted a 'terminable interest' -- such as a simple life estate -- . . . there [wa]s no marital deduction." Estate of Robertson v. Comm'r, 15 F.3d 779, 782 (8th Cir. 1994). Congress " 'invented [QTIP] to produce the desired qualitative expansion of the classes of property eligible for the Marital Deduction, i.e., to extend, for the first time ever, the availability of the Marital Deduction to those types of terminable interests in property that Congress deigned to "qualify." ' " Id. at 783 (quoting Estate of Clayton v. Comm'r, 976 F.2d 1486, 1493 (5th Cir. 1992)). In order to qualify for QTIP deductibility, property must pass from the decedent to the spouse, the spouse must have a qualifying income interest for life, and

---

[2]Estate of Wycoff v. Comm'r, 506 F.2d 1144 (10th Cir. 1974), cert. denied, 421 U.S. 1000 (1975), also is not helpful to the IRS. Not only was Wycoff a pre-QTIP case that relied on Jackson, the court believed that "[i]n the absence of a clear and unambiguous direction [by the decedent], property transferred to the surviving spouse must bear part of the estate tax burden." Id. at 1149-50. In contrast here, there was a "clear and unambiguous direction" that the marital share be unburdened by taxes. We note that the tax court has "confine[d] Estate of Wycoff to its facts." Estate of Hubert v. Comm'r, 63 F.3d 1083, 1089 (11th Cir. 1995) (adopting tax court opinion), aff'd, 520 U.S. 593 (1997).

an election must be made on the tax return. 26 U.S.C. § 2056(b)(7)(B)(i). A qualifying income for life is one in which "no person has a power to appoint any part of the property to any person other than the surviving spouse." Id. at § 2056(b)(7)(B)(ii).

In the district court the IRS stipulated that the marital trust was a QTIP trust. On appeal the IRS claims it is not challenging the trust's QTIP status, but is challenging whether the trustee's discretion prevented property from passing to the trust and whether the discretion is an impermissible power of appointment. Although a party is bound by a stipulation, Gaworski v. ITT Commercial Fin. Corp., 17 F.3d 1104, 1112 (8th Cir.), cert. denied, 513 U.S. 946 (1994), we will assume the issues are not within the scope of the stipulation, but find they are without merit. In Robertson, this court rejected similar arguments by the IRS concerning a trustee's discretion to make a QTIP election. Following the Fifth Circuit's decision in Clayton, 976 F.2d at 1486, we held that QTIP eligibility for property is determined at the time of an election, not at the time of a testator's death, and that the discretion did not prevent property from passing from the decedent to the spouse. Robertson, 15 F.3d at 782-84 & n.1. As was stated in Clayton, and we think applicable here, the IRS' argument "that if anything occurs after the death of the testator . . . to prevent even a modicum of property which under the testament would have passed from the decedent to the surviving spouse, the [marital] deduction is unavailable . . . ignore[s] the overarching truism that many acts must be done and many facts must be determined after the death of the testator in order to determine the taxable estate." 976 F.2d at 1498. See also Spencer, 43 F.3d at 228 (rejecting IRS' arguments that executor's discretion concerning amount of property to be placed into QTIP trust was prohibited power of appointment or prevented property from passing as "counter-intuitive and against common sense").

Accordingly, the case is reversed and remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

      CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT