Parker v. Conrad.

ANN AMELIA PARKER V. EMILY E. CONRAD.

No. 14,629.   (85 Pac. 810.)

SYLLABUS BY THE COURT.

1. PETITION—*Suit to Quiet Title—Allegation of Plaintiff's Title.* A statement in a petition in a suit to quiet title that the plaintiff is the owner in "fee simple," and is in actual possession, sets forth the plaintiff's title with sufficient certainty.

2. ———— *Discovery of Defendant's Claim of Title.* In such a suit, if it is alleged that the defendant asserts an interest or estate in the lands adverse to the plaintiff, and that the plaintiff does not know the nature or character of such interest or estate, he may have discovery, and the defendant is thereupon required to plead the facts upon which such interest or estate is based.

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed June 9, 1906. Affirmed.

*Terry Parker,* for plaintiff in error.

*C. W. Burch,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This was a suit to quiet title. The petition states that plaintiff is the owner in fee simple and is in the actual possession of the property, describing it, and that "the defendant claims an estate or interest in said real estate adverse to the plaintiff, the exact nature of which is unknown to plaintiff and for that reason cannot be set forth herein, but plaintiff alleges

that any such claim, estate or interest of the defendant is invalid as against plaintiff." The petition then asks that defendant be required to set up her claim to the premises, and for a judgment determining such interest to be inferior to that of plaintiff, decreeing plaintiff to be the owner in fee simple, and canceling the defendant's claim. To this petition the defendant demurred. The demurrer was overruled, and, the defendant choosing to plead no further, the cause was tried by the court and judgment rendered for plaintiff in accordance, with the prayer of the petition.

The defendant now complains that the court erred in overruling her demurrer, (1) because the petition does not state with sufficient certainty plaintiff's title to the land in controversy, and (2) because it does not state with sufficient certainty the exact nature and extent of the defendant's pretended title or claim of title. The argument is that if this were done the court would be enabled to determine from the petition whether the defendant's claim did in law cast such a cloud upon plaintiff's title as·would justify the interference of a court of equity.

The petition states that the plaintiff is in actual possession and is the owner in "fee simple." "Fee simple" and "fee simple absolute" are equivalent terms, and well-defined legal expressions. An estate in "fee simple" is the greatest that one can possess. When the pleader says that the plaintiff is the owner in "fee simple" it implies an unlimited estate of inheritance. If the plaintiff claimed an estate less than a fee simple it might not be improper in some cases to require him to plead his limited estate, but certainly he should not be required to plead the evidence of his title where he claims the entire estate. From the petition the court knew just what the plaintiff claimed for himself.

The second contention is that the petition does not set out with sufficient certainty the claim which the defendant makes to the lands in controversy, so that the court might be advised whether such a claim casts

a cloud on the plaintiff's title. The pleader relieved himself of this duty by showing that he did not know the exact nature or extent of the defendant's claim; therefore, the duty was put upon the defendant to state her claim, whatever it might be. It was held by this court, in *Bowdish v. Metzger,* 71 Kan. 753, 81 Pac. 484:

"Equity permits a suit for discovery and relief; therefore, where the petition in a suit in equity to remove a cloud and quiet title to real estate is sufficient, except that it does not plead the title under which defendants claim, but states that the nature, character or extent of it is unknown, and prays that defendants be required to disclose such title in their answer, the petition states a good cause of action for discovery and relief." (Syllabus.)

Upon the authority of that case the petition in this case is sufficient, so far as the last contention is concerned. Some other errors are argued, but as they were not assigned as errors in the motion for a new trial nor in the petition in error we cannot consider them. The judgment is affirmed.

All the Justices concurring.