**Mary Etta GUNN, Administratrix C.T.A. of the Estate of Etta C. Isaacson, Deceased, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. T–3331.**

United States District Court
D. Kansas.

July 27, 1964.

Howard A. Jones, of Addington, Jones & Haney, Topeka, Kan., for plaintiff.

Robert W. Ryan, Jr., Tax Division, Department of Justice, Washington, D. C., Elmer Hoge, Asst. U. S. Atty., Topeka, Kan., for defendant.

TEMPLAR, District Judge.

This was an action to recover estate taxes allegedly erroneously paid to the United States of America. The Court has considered the matter on the written stipulation of facts, agreed upon and submitted by the parties, and upon the briefs submitted by counsel.

It was stipulated that the residuary clause of the Will of one Fred A. Isaacson giving rise to the controversy provided as follows:

"All the remainder of my estate, both real and personal, I give, devise and bequeath as follows: To my wife, Etta C. Isaacson, she to give promptly to each of our two children, Donald F. Isaacson and Mary Etta Gunn, $2,000.00, total $4,000.00. After wife, Etta C. Isaacson's death, remaining estate to be divided equally between our two children, Donald F. Isaacson and Mary Etta Gunn."

Fred A. Isaacson died on February 1, 1951 and thereafter his Will was admitted to probate in the Shawnee County, Kansas Probate Court. On June 6, 1951, that court made an order as it had jurisdiction and power to do under the law of the State of Kansas, after notice and hearing, construing the aforementioned clause of the Will. This Order provided:

"The widow, Etta C. Isaacson, takes under said Will a life estate in all of the property owned by the decedent in his own name and right at the time of his death, *with the power to sell and convey any part or all of said property as she sees fit* without order of any court, subject to the payment of specific legacies of two thousand dollars ($2,000.00) each to the two children above named, and in addition thereto the said Etta C. Isaacson is entitled to the homestead exemption and statutory allowances as provided by law.

"That Donald F. Isaacson and Mary Etta Gunn, son and daughter respectively of the decedent, each take by the terms of said Will, in addition to the specific legacies provided therein, a vested remainder interest, subject to their mother's life estate, in all of the property owned by the decedent in his own name and right at the time of his death, *subject to be divested in the event the tenant exercises the power of sale granted to her by the Will.*"

The journal entry of final settlement entered by the Probate Court and dated August 19, 1952, provided further:

"The widow, Etta C. Isaacson, is given a life estate in all of the property owned by the decedent in his own name and right at the death with *an absolue power of sale in said*

*life tenant to sell and convey any part or all of the property comprised in said life estate as she sees fit, without the order of any court;* and that the said Etta C. Isaacson in addition to said life estate is entitled to the homestead rights and statutory allowances provided by law.

"The Court further finds that by the terms of said Will Donald F. Isaacson and Mary Etta Gunn, son and daughter of the decedent respectively, each were given an undivided one-half (½) interest in fee simple of the remainder of said property owned by the decedent in his own name and right at the date of his death, *subject to only the life estate of said Etta C. Isaacson and her power of sale as above stated. * * *"* (Italics supplied.)

No estate tax was paid by the estate of Fred A. Isaacson. Later, over six and one-half years after the closing of Fred A. Isaacson's estate, and on May 29, 1959, Etta C. Isaacson died. Her administratrix, plaintiff herein, reported on Schedule B of Etta C. Isaacson's federal estate tax return, stocks and bonds with an alternate value of $100,070.86, which included stocks valued at $36,977.88 representing the value of a portion of the stocks which had been reported on Schedule B of the federal estate return of Fred A. Isaacson. The shares of stock so valued at $36,977.88 were not shares of stock left by Fred A. Isaacson at his death but were shares of stock purchased by Etta C. Isaacson with the proceeds from the sale of stock left to her by Fred A. Isaacson. The shares of stock so purchased were taken in the name of Etta C. Isaacson. The Director of Revenue assessed an estate tax on the estate of Etta C. Isaacson in the amount of $11,431.61 which was paid by the administratrix. The administratrix then filed a claim for refund in the amount of $8,303.49, claiming that the stocks valued at $36,977.88 should not have been included in the adjusted gross estate on the theory that Etta C. Isaacson had only a life estate in the stocks coupled with a limited power

of sale under her husband's Will. The District Director disallowed the claim for refund on the theory that under Fred A. Isaacson's Will, as construed by the probate court Etta C. Isaacson received a life estate in the stocks coupled with a general power of appointment, thereby causing the inclusion of such assets in her estate. This action was then instituted for recovery of estate tax alleged by plaintiff to have been wrongfully assessed in the amount of $8,303.49 plus interest.

Thus, the issue is presented: Whether, under the terms of her deceased husband's will, the decedent received a life estate in certain assets of her husband's estate coupled with a general power of appointment thereby causing the inclusion of such assets in her estate or whether the life estate was coupled with a limited power of disposition limited to her support and maintenance and the conservation of the estate so that such assets would not be includable in her estate.

■■ In considering this issue it is necessary to remember that the law of the State of Kansas is determinative of the legal interest or rights in property and that it is the Federal law which specifies what interest or rights should be taxed. In other words, in the absence of collusion or fraud emphasis must be given to the construction of the interest created by the Will by the Probate Court. (Brodrick v. Gore, 224 F.2d 892, 10th Cir.; Coleman v. United States, D.C., 221 F. Supp. 39, and Peyton's Estate v. C. I. R., 8th Cir., 323 F.2d 438.)

While it may have been possible for the Probate Court to have construed the residuary clause of the Will of Fred A. Isaacson to grant to his widow a life estate with a limited power of disposition, it is equally clear and understandable as to how the Probate Court would construe Etta C. Isaacson's interest to be a life estate with an absolute power to sell. After all, the Probate Court was merely attempting to ascertain the intent of Fred A. Isaacson as manifested in the terms and provisions of his Will in light of the surrounding circumstances at the time of its execution because the testa-

tor's intention prevails if it is not inconsistent with rules of law. In ascertaining this intent, the Probate Court found that the residuary clause should be construed as follows:

"The widow, Etta C. Isaacson, takes, and she is hereby given, a life estate in all of the property owned by the decedent in his own name and right at the date of his death with an absolute power of sale in the life tenant to sell and convey any part or all the property comprising said life estate as she sees fit, without order of any court."

This same language was again used by the Probate Court in the order of Final Settlement in which the property of Fred A. Isaacson was assigned to his wife Etta.

While the Probate Court could have found a life estate with a limited power of disposition in this remaining property, this Court must find as a matter of fact, in the absence of any claim or contention to the contrary, that the Probate Court's construction was not strained, collusive or fraudulent. It must be remembered that collusion or fraud is not an issue in this case; the case comes before the Court simply on propositions of law.

■ This Court feels that under the circumstances it is bound by the construction of the Probate Court on this residuary clause in ascertaining the intent of the testator, Fred A. Isaacson. It concludes therefore that Etta C. Isaacson had a life estate with a general power of disposition or a fee interest in the certain stocks received upon the death of Fred A. Isaacson and that under such circumstances this property would be properly included in Schedule B of her federal estate tax return, and further that the disallowance by the District Director of her petition for refund was proper.

This Court has examined carefully the cases cited by the parties in their briefs and other authorities, particularly the article entitled "Expressions of Intent to Create Fees, Life Estates and Powers of Disposition in Kansas" by Professor William R. Scott, appearing in the Winter 1963 issue of the Washburn Law Journal. The Court deems it unnecessary to set out the factual situations of the cases considered in arriving at its conclusion. It is sufficient to say that this Court cannot conclude as a matter of law that the construction placed on the residuary clause of the Will of Fred A. Isaacson by the Shawnee County Probate Court was erroneous and must in fact find that the Probate Court had the power and jurisdiction to construe the Will erroneously as well as correctly and the construction placed on the residuary clause was, insofar as this Court is concerned, binding on all of the parties. The defendant here is entitled to judgment.

Counsel for the defendant is directed to prepare and submit appropriate Journal Entry, which when approved by the Court and filed with the Clerk shall be the judgment of the Court.