**PITTSBURGH NATIONAL BANK and Kathryn Bowler McSwigan, Executors of the Estate of A. Brady McSwigan, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 70-251.**

United States District Court,
W. D. Pennsylvania.

Nov. 10, 1970.

James S. Crawford, III, and Edmund S. Ruffin, III, Thorp, Reed & Armstrong, Pittsburgh, Pa., for plaintiffs.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Johnnie M. Walters, Asst. Atty. Gen., Donald R. Anderson and William T. Hunter, Attys., Department of Justice, Washington, D. C., for defendant.

———◆———

## OPINION

WEBER, District Judge.

This is a suit for refund of estate taxes paid, brought under 28 U.S.C. § 1346(a) (1).

The United States of America has taxed as part of the Estate of A. Brady McSwigan his one-third beneficial interest in a testamentary trust established under the Will of his mother, Genevieve, M. McSwigan, who died in 1951.

The trust assets comprise the shares of stock which Genevieve M. McSwigan owned in Kennywood Park Corporation which operated Kennywood Park, a well-known amusement park in Allegheny County, Pennsylvania. The beneficiaries of said trust were the five children of Genevieve M. McSwigan including the decedent, A. Brady McSwigan and his four sisters. Prior to the death of A. Brady McSwigan, two of the sisters had died and their interests devolved on the decedent and the two surviving sisters. The trustees of the trust were the decedent A. Brady McSwigan and his brother-in-law, Thomas Ryan Quinn, the husband of one of the surviving sisters.

Under the terms of the Will the Trustees were given extensive powers of management including the power of sale of the trust assets upon such terms and for such consideration as they, in their sole and uncontrolled discretion, might deem desirable. A power of sale is given to trustee in Pennsylvania without specific authorization in the trust instrument, unless otherwise provided. 20 P.S. § 320.961.

Under the terms of the Will of Genevieve M. McSwigan the trust thereby created was to continue in effect for a period of twenty years after her death,—

"* * * unless prior to such date, (a) my Trustees, in their sole and uncontrolled discretion, shall deem it desirable to sell or dispose of and shall sell or dispose of all or substantially all of the shares of stock of Kennywood Park Corporation * * * included in the trust estate, or (b) such Kennywood Park Corporation * * shall cease to operate an amusement park at Kennywood Park. If either of such events shall occur, this trust shall forthwith cease and determine and my Trustees shall proceed to liquidate the trust estate and to pay over and distribute the principal thereof, in the manner hereinafter presented."

The trust was not terminated prior to the decedent's death and the decedent at no time relinquished the powers granted to him under this provision of the Will.

The Government claims that the portion of the corpus of the trust in which A. Brady McSwigan had a beneficial interest should be included in his gross estate for Federal Estate tax purposes because it is property over which the decedent had a general power of appointment at the time of his death, under § 2041 of the Internal Revenue Code of 1954 [26 U.S.C. § 2041].

The taxpayer contends that this portion of the trust assets is not includable in decedent's gross estate because the decedent possessed, in conjunction with a co-trustee, only a power of 'management exercisable in a fiduciary capacity only, the power of termination being on-

ly an incidental consequence of the discharge of such fiduciary duties.

It is beyond dispute that, under the provisions of the Will, if decedent together with his co-trustee had exercised the power of sale of these trust assets there would have resulted a distribution to decedent of one-third of the assets of the trust estate.

■ As a preliminary matter we must consider the exception from the general provisions of § 2041(b) (1) provided by subsection (C) (ii) thereof, which provides:

> "If the power is not exercisable by the decedent except in conjunction with a person having a substantial interest in the property, subject to the power, which is adverse to exercise of the power in favor of the decedent—such power shall not be deemed a general power of appointment. For the purposes of this clause a person who, after the death of the decedent, may be possessed of a power of appointment (with respect to the property subject to the decedent's power) which he may exercise in his own favor shall be deemed as having an interest in the property and such interest shall be deemed adverse to such exercise of the decedent's power."

Under the terms of the Will of Genevieve M. McSwigan, Thomas Ryan Quinn was named a co-trustee with decedent of the trust in question. Thomas Ryan Quinn has not been shown to have "a substantial interest in the property, subject to the power which is adverse to exercise of the power in favor of the decedent * * *." While Thomas Ryan Quinn's wife is a beneficiary of the trust it has not been shown that he has "a direct legal or equitable interest in the trust property", Latta v. Commissioner of Internal Revenue, 212 F.2d 164, 167 [3rd Cir., 1954]. Nor has it been shown that Quinn's interest would in any way be adverse to the exercise of power of termination by the decedent. The beneficial interest of Quinn's wife would in

no way be altered or diminished by the exercise of the power; on the contrary she would come into immediate unrestricted enjoyment of her beneficial interest in the trust corpus. Nor has it been shown that Quinn, the co-trustee, could ever have exercised the power in his own favor even after the death of the decedent.

We, therefore, find the statutory exception of § 2041(b) (1) (C) (ii) to be inapplicable to this case.

The taxpayer relies heavily on our decision in Security-Peoples Trust Co. v. United States, 238 F.Supp. 40 [W.D.Pa. 1965], where we held that a power of invasion of the trust corpus given to the Trustee on behalf of testator's widow for her health, comfort, maintenance or welfare did not constitute a general power of appointment because the widow was a non-trustee beneficiary possessing a life estate in the income of the trust and the sole trustee was a corporate trust company whose exercise of discretion was controlled not only by the terms of the Will but by the probate court of Pennsylvania which would exercise control not only in the interest of the income beneficiary, but of the remainderman under the Will. We found in Security-Peoples Trust Company v. United States, supra, that the independent corporate trustee alone was vested with the discretion to make invasion of the principal, which discretion had to be exercised reasonably, and solely for the benefit of the named beneficiaries, and with regard to the needs and other available assets of such beneficiary, and with regard to the protection of interest of other future beneficiaries and remaindermen.

The situation in the instant case is different. In *Security-Peoples Trust Co.*, we cited the legislative history of the Powers of Appointment Act of 1951, from which § 2041 of the Internal Revenue Code of 1954 is derived. Specifically applicable is the following statement in Senate Report No. 382;

"If the holder of a power is legally accountable for its exercise or non-exercise, the power is not deemed to be a general power. However, a power which is exercisable in favor of the holder, his estate, his creditors, or the creditors of his estate, is not regarded as a power for which the holder is legally accountable." 2 U.S. Code Congressional and Administrative Service 82nd Congress, First Session, 1951, p. 1534.

■ There is no question in this case that decedent's power of sale granted under the general powers of management given to the Trustees under the Will of Genevieve M. McSwigan is subject to review by petition to the Pennsylvania Orphans' Court. There is no question but that such power of sale, even though described in the Will as "upon such terms and for such consideration as they, in their sole and uncontrolled decision, may deem desirable" is nevertheless subject to the imposition of a standard of good faith and the control of the probate court. Our examination of the "good faith" standard in Pennsylvania revealed that it has been limited to the life estate cases, where the courts have always kept the interest of remaindermen in mind. See Security-Peoples Trust Co., cit. supra, p. 48 et seq.

Plaintiff's argument that termination of the trust is only an incidental consequence of the exercise of the power to sell appears to us to ignore the basic provision of the trust, that is, the power of the decedent, and his co-trustee, to terminate the trust at any time whenever they, "in their sole and uncontrolled discretion shall deem it desirable to sell or dispose of all or substantially all of the share of stock of Kennywood Park Corporation," and thereby cause a distribution of the trust assets to decedent.

This power to terminate the trust by selling the Kennywood Park Corporation stock was granted to the Trustees under the Will without any restriction or the imposition of any ascertainable standard controlling its exercise either under Pennsylvania trust law or Federal tax law.

It is this power of decedent to terminate the trust and thus divert its corpus to his own use prior to the time fixed for the ordinary termination of the trust fixed by the Will which the government seeks to have included in decedent's estate under § 2041(a) (2) of the Internal Revenue Code.

There is no limitation either in the testamentary provisions governing the trust, or in the state law governing trustees, except for the universal limitation of acting in good faith, to the power of decedent to divert to his own unrestricted use his share of the assets of the trust fund which otherwise would not come into his full possession and enjoyment until twenty years from the death of the testatrix. Without such a power the decedent could only claim his distributive share of the income of the trust fund during the twenty year period of its duration. The limitation which taxpayer claims by virtue of the fact that decedent would at the same time be acting in a fiduciary capacity has been held insufficient in Strite v. McGinnes, 330 F.2d 234 [3rd Cir. 1964] and in Miller v. United States, 387 F.2d 866 [3rd Cir., 1968]. In both of those cases the decedent possessing the power of invasion was also a co-trustee of the trust fund created.

■ We do not ignore the rule that the scope of decedent's power must be examined in context with the intent of the power's creator as that is found in the four corners of the Will, Security-Peoples Trust Co. v. United States, supra, 238 F.Supp. at p. 46. For this purpose we have examined Genevieve M. McSwigan's Will to determine if there is any intent shown to limit the power of decedent as trustee to terminate the trust and anticipate the distribution of the corpus to himself. It is obvious

**180**

that the testator's intention was not to limit the trustees in any way. In addition to the discretion granted in the broadest terms it is obvious that testator's intention was that the trust was to continue for twenty years only as long as the trustee desired to continue holding as trust assets the family's voting block in an operating amusement park. Nothing in the Will indicates any intention of the testatrix to limit the discretion of the trustees to terminate participation in the amusement park business and distribute the proceeds of the trust to the beneficiaries. The probate court would have no ascertainable standard from the Will which would provide any limitation on the trustees' powers except the ubiquitous standard of good faith. The trustees' action would not diminish or enlarge any beneficial share, it would solely provide immediate enjoyment of the assets by each beneficiary, including the decedent's trustee.

We believe that the definition of general powers of appointment has been artfully summarized by Judge Dumbauld of this Court:

"The object of Congress is to include in a decedent's estate, regardless of the gossamer distinctions which delight students of the writings of Lord St. Leonards and of John Chipman Gray about powers, special powers, powers in trust, and the like, all economic value which a decedent was in a position to divert to his own use if he desired." Miller v. United States, 267 F.Supp. 182, 184 [W.D.Pa.1967] rev. on other grounds 387 F.2d 866 [3rd Cir., 1968].

The Court of Appeals approved this principle, but found the words "or other expenses incidental to her comfort and well-being" too gossamer a limitation on the power of invasion to prevent this from being a general power of appointment.

We, therefore, find the decedent's beneficial interest in the trust res to be properly included in decedent's gross estate.