The **CONDON NATIONAL BANK OF COFFEYVILLE, COFFEYVILLE, KANSAS, a National Banking Association,** as Executor of the Estate of Helen F. Brown, Deceased, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. A. No. T-4981.

United States District Court, D. Kansas.

July 12, 1972.

Clement Hall, Aubrey Neale, Coffeyville, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Edward Funston, Asst. U. S. Atty., Topeka, Kan., for defendant.

MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This action was brought by plaintiff to recover estate taxes allegedly erroneously paid. The Court's jurisdiction is invoked under 28 U.S.C. § 1346.

All of the pertinent facts have been stipulated to, and the case has been submitted to the Court on briefs and arguments thereon.

The plaintiff, Condon National Bank of Coffeyville, Coffeyville, Kansas, is the duly appointed, qualified and acting Executor of the Estate of Helen F. Brown, deceased, having been appointed such Executor on April 13, 1966.

Helen F. Brown died testate on April 5, 1966, a resident of Coffeyville, Montgomery County, Kansas, leaving a last will and testament which was duly admitted to probate in the Probate Court of Montgomery County, Kansas, on April 13, 1966.

Douglas R. Brown, the husband of Helen F. Brown, predeceased her. He died testate on September 19, 1951, a resident of Montgomery County, Kansas. His will was admitted to probate and letters testamentary issued to Helen F. Brown as executrix by the Probate Court of Montgomery County, Kansas, in Estate No. 9188, on October 1, 1951. His will provided:

"FIRST: I direct that my just debts and funeral expenses be first paid by my Executrix hereinafter named.

"SECOND: All of the rest and residue of my property, real, personal or mixed, whatsoever and wheresoever situated, in which I may have any interest at the time of my death, I give, devise and bequeath unto my beloved wife, HELEN F. BROWN, with full power to sell or dispose of the same or any part thereof as to her shall seem best: PROVIDED That whatever of my said property, if any, shall remain undisposed of at the time of the death of my wife, HELEN F. BROWN, I give, devise and bequeath the same, one-half to my heirs then surviving, and one-half to the heirs of my wife then surviving.

"THIRD: I hereby nominate and appoint HELEN F. BROWN, to be the EXECUTRIX of this my last Will and Testament and direct that she be permitted to act without bond."

An estate tax return was filed in the Estate of Douglas R. Brown, the original return showing a total gross estate of $289,268.70. Among other things the estate claimed a marital deduction on the return and estate taxes were paid in the sum of $13,279.37. Subsequently, the tax return was adjusted to show a total gross estate of $384,854.28 and, among other adjustments, the marital deduction claimed by the estate was disallowed and an estate tax deficiency in the total amount of $36,860.89 tax and $6,079.52 interest was paid by Douglas R. Brown's estate. The marital deduction was disallowed under § 2056(b)(5) because although Helen F. Brown was given a life estate, she was not given a power of appointment exercisable in all events as required by § 2056.

At the time of the death of Helen F. Brown, her only heir was Maudella F. Overless, her sister, and the only heir of Douglas R. Brown was Helen B. Lyall, his sister.

The plaintiff, as Executor of the Estate of Helen F. Brown, filed an inventory of all property claimed to belong to the estate of the decedent. Total value of said property was $123,015.48. The Executor filed an estate tax return based upon the property inventoried in the estate, and on February 23, 1967, paid estate taxes in the sum of $6,066.-42.

In March of 1967, Helen B. Lyall, sister of Douglas R. Brown, deceased, learned of the contents of her brother's will, i. e., specifically that part which left one-half of all the residue of his estate not consumed by Helen F. Brown during her life to his heirs. And she learned that Helen F. Brown had left all property, including property remaining from the estate of Douglas R. Brown to her sister, Maudella F. Overless. Helen B. Lyall employed counsel and filed a petition in the Probate Court of Montgomery County, Kansas, in the Estate of Helen F. Brown, deceased, claiming she was entitled to one-half of the property remaining in accordance with the will of

her brother, Douglas R. Brown, deceased.

A petition to transfer to the District Court was denied and an appeal was taken to the District Court of Montgomery County, Kansas, on May 24, 1967. After the case was appealed to the District Court and the allegations of the parties had been submitted, the parties agreed upon a settlement, and on December 15, 1967, the matter was submitted to the court and the court entered an order, designated a journal entry. Upon remand from the District Court, the Probate Court of Montgomery County, Kansas, entered an order on January 9, 1968.

The District Court found, in substance, that under the will of Douglas R. Brown, deceased, Helen F. Brown was given a life estate with a power of disposition only and that said will created a trust in Helen F. Brown for the residuary devisees and legatees of Douglas R. Brown as to any property of her husband remaining at the time of her death. This was in accordance with the interpretation in the assessment of estate taxes by the Government and inheritance taxes by the State of Kansas in the estate of Douglas R. Brown. And the District Court found that Helen B. Lyall was entitled to one-half of any property remaining undisposed of from the estate of Douglas R. Brown, or one-half of the proceeds remaining from any property disposed of by Helen F. Brown which belonged to the estate of her husband at the time of his death, and that Maudella F. Overless was entitled to one-half of any property remaining undisposed of or one-half of the proceeds remaining from any property disposed of by Helen F. Brown which belonged to the estate of Douglas R. Brown at the time of his death.

The court further found that the residue of the estate of Douglas R. Brown included in the inventory of the estate of Helen F. Brown was $46,066.42; that it was held by Helen F. Brown, as trustee, and should not have been included in the inventory of her estate but should be distributed equally between Helen B. Lyall and Maudella F. Overless; that the sum of $20,000.00 in cash and one-half of any refund from estate taxes should be paid to Helen B. Lyall; and that property valued in the sum of $46,066.42 should be stricken from the inventory in the Helen F. Brown estate.

After the court orders were made, the Executor filed a claim for refund of the estate taxes allegedly erroneously paid.

The two stipulated issues are stated to be:

1. Whether plaintiff is entitled to exclude from the value of the gross estate the property received from deceased husband's estate or whether such property should be included in decedent's gross estate under the Internal Revenue Code of 1954, Section 2041, as property subject to a general power of appointment?

2. Whether the interest claimed by Helen B. Lyall represented a deductible claim against the decedent's estate under Internal Revenue Code of 1954, Section 2053.

The decision of the Montgomery County State District Court which became the final decree of the Probate Court had the effect of removing from the inventory of Helen F. Brown's estate any property of her late husband remaining undisposed of by her at the time of her death.

In addition, the state court determined in undertaking to construe the will of Mr. Brown that Helen took a life estate with power of disposition only and that his will, in effect, created a trust for the residuary devisees and legatees as to any property of his remaining undisposed of at the time of her death.

The defendant insists that the decision of the state court (Ex. 5 of Stipulation) of December 15, 1967, is not controlling and is in no way binding on the United States because it was not a party to the state court proceeding and be-

cause under Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886, the state court decision is not determinative of the property interest held and transferred by the decedent under state law. Under *Bosch* this Court must determine the underlying rule of substantive law based on state law as declared by the state's highest court. If there is no decision by that court then the federal court must apply what it finds to be the state law after giving "proper regard" to relevant rulings of other courts of the state.

This Court had the occasion to consider the impact of *Bosch* in the case of Schmidt v. United States, D.C., 279 F. Supp. 811 (Theis, J.) where it was said at p. 814:

> "The identical central issue in *Bosch* and the *Second National Bank* cases, both estate tax disputes involving marital deduction under § 2056, was, in the words of the Supreme Court:
>
>> 'Whether a federal court or agency in a federal estate tax controversy is conclusively bound by a state trial court adjudication of property rights or characteristics of property interests when the United States is not made a party to such proceeding?'
>
> "The high court, answered this question in the negative, stating:
>
>> 'We hold that where the federal estate tax liability turns upon the character of a property interest held and transferred by the decedent under state law, federal authorities are not bound by the determination made on such evidence by a state trial court.'
>
> "These cases went on to hold that in evaluating the efficacy of a state court judgment, as it affects property rights, from which stem federal tax consequences, the federal court must embark on an independent investigation of the state law as determined by the highest court of the state, and follow such interpretation if it exists, or make its own interpretation if there be no state decisions."

■ A careful reading of the decisions of the Kansas Supreme Court does not indicate that provisions contained in the will of Mr. Brown create a trust. Though there are several cases analyzed in 3 Washburn L.J. 5, the clearest statement on the question appears in Sharpe v. Sharpe, 164 Kan. 484, 190 P.2d 344. There, the testator gave all his property to his wife Birdie, and then directed that after her death any remaining property was to be divided among his named children. This disposition was held to create a life estate in the widow Birdie, with power of disposition during her lifetime. We believe, as did the Supreme Court in *Sharpe*, that Mr. Brown's will is free from ambiguity and that Helen Brown, by its terms, under Kansas law, received a life estate in his property with power of disposition during her lifetime and this Court is bound to reach that conclusion here.

■ The decree of the state court directing that the remaining property of Mr. Brown, found in possession of Helen at her death, was in effect held by her in trust and that court's order directing that such items of property be stricken from the inventory of her estate does not change the application of federal law to the situation found here. This Court is bound to construe the provisions of Mr. Brown's will in light of settled Kansas property law rather than accept the construction arrived at by the state court in its decree.

This Court does not question the right of the interested parties to adjust their differences by a settlement of their claims to an estate approved by the state court. Such disposition of estate litigation should be encouraged. There is no evidence here of any collusive or non-adversary proceedings by the parties, and the Court so finds. Cf. Coleman v. United States, D.C., 221 F.Supp. 39, 46.

Section 2041(a)(2) of the Internal Revenue Code of 1954 provides, in substance, that a decedent's gross estate

shall include the value of any property with respect to which the decedent had at the time of his death a general power of appointment.

The will of Mr. Brown expressly granted to his wife the "full power to sell or dispose" of the residue of his property "as to her shall seem best." Under Kansas law, this power of disposition, expressly granted, is unlimited except that it has been held that one may not transfer the property by gift or in absence of consideration, or by will where there is a gift over to others at the termination of the life estate. See "Expressions of Intent to Create Fees, Life Estates and Powers of Disposition in Kansas," Section M, entitled "Extent of Power to Dispose Where Power is Expressly Given," by William R. Scott, 3 Washburn L.J. 5, and the cases discussed therein.

We feel compelled to conclude that under Kansas law Helen F. Brown could, under the will of Douglas R. Brown, appoint to herself or to her creditors, and could have under such power consumed the entire estate of her husband but that she could not dispose of it otherwise, that is, by gift or will.

Plaintiff's argument is based not so much on the contention that Helen F. Brown did not have a "general" power of appointment, but on the contention "that if the will of Douglas R. Brown, the husband, contained no power of appointment under Section 2056 for the purpose of disallowing the marital deduction (as held by Internal Revenue Service after the death of Mr. Brown), it cannot now be said that she did have such power under Section 2041." (Plaintiff's brief.)

The controversy in this litigation is produced because the statutes involved, their interpretation by the Internal Revenue Service and court decisions reviewing them, have attributed ambiguous meaning to the words when used in different contexts. For example, a "general power of appointment" under 26 U.S. C. § 2041(b)(1) has been construed by cases and regulations to mean something substantially different than a *general* power of appointment. Section 2041(b) (1) more accurately defines a "limited" power of appointment rather than a "general" power of appointment.

When the marital deduction was denied in Mr. Brown's estate, it was simply because the interest in property given his wife was, as to the estate created by his will under Kansas law, a terminable interest even though she might have consumed it all during her lifetime. 26 U.S.C. § 2056(b)(5). Cf. Coleman v. United States, supra, 221 F.Supp. at 47; Woerner v. United States, unreported, T-3733 (1967). Mrs. Brown, the surviving spouse, did not have a full and unrestricted title or the unlimited power to dispose of it. Her interest which, though classified "as a life estate with a general power of appointment," was in fact a life estate with a *limited* or restricted power of appointment. This is why she could not receive the benefit of the marital deduction.

Having lost the marital deduction from the husband's estate, plaintiff here now advances the practical and justifiable proposition that a double tax should not be imposed on the same property—once when the husband dies and again upon the death of the surviving widow. Unfortunately, the "power of appointment" mentioned in 26 U.S.C. § 2056(b)(5) does not support the connotation related to the "general power of appointment" mentioned in 26 U.S.C. § 2041(b)(1). In the latter section Congress described what should be included in the value of a decedent's gross estate and directed that to the extent of any property with respect to which a decedent at the time of her death has a *general power of appointment* created after October 21, 1942, such property would be includible in the decedent's gross estate. The term "general power of appointment" is there defined (§ 2041(b)(1)) to mean a power which is exercisable in favor of the decedent, her estate, her creditors *or* the creditors of her estate. Here, Mrs.

Brown had the right to exercise the power of appointment in favor of herself or her creditors. This was all the statute required to create a general power of appointment under § 2041(b)(1). Cf. Jenkins v. United States, 428 F.2d 538 (5 Cir.). It is under this section of the statute that the government asserts its right to include, in determining the gross value of Mrs. Brown's estate, property over which she had a "general" power of disposition, though considered to be a "limited" power under the marital deduction provision of the statute, § 2056(b)(5).

It appears that plaintiff is urging that the doctrine of estoppel be applied against the Commissioner.

"The courts have frequently dodged the question whether estoppel exists against the Government in tax cases and have intimated that, if applied at all, it will be applied sparingly and with the utmost caution. Generally the courts have refused to apply the doctrine against the Government on the ground that some essential element of the doctrine was absent, with intimations that estoppel, if properly proved, might prevail against the Commissioner. In several instances the Commissioner . . . has been held precluded from adopting a position inconsistent with one previously taken where injustice would result therefrom." 10 Mertens § 60.14.

Here, before the issue of whether or not estoppel can be applied against the Commissioner arises, there is the issue of whether the power of appointment under § 2041 and the power of appointment under § 2056 are of the same kind and quality.

This Court thinks they are not. It is obvious that a power of appointment under § 2056, which is exercisable in all events, would also be a "general" power of appointment under § 2041. A "general" power of appointment under § 2041, however, is more limited. All "general" powers of appointment under that section are not exercisable in all events. It is relatively simple to hypothesize examples of powers of appointment which would be "general" under § 2041, but would not be exercisable in all events so as to qualify for the marital deduction under § 2056. E. g., see Estate of Miller v. C.I.R., 400 F.2d 407 (3 Cir. 1968).

Thus, here, Helen F. Brown held the power to appoint to herself or her creditors so that she held a "general" power of appointment under § 2041 as discussed earlier. But, under Kansas law, her power was not exercisable in all events, i. e., she could not give the property away; she could not appoint by will, etc.

■ Accordingly, it seems obvious that the "general" power of appointment under § 2041 and the power of appointment exercisable in all events under § 2056 are not powers of the same kind and quality. Therefore, the fact that the Commissioner denied a marital deduction to Mrs. Brown at the time of her husband's death because she did not have a power of appointment exercisable in all events, and then held that Mrs. Brown did have a "general" power of appointment so as to include the residue of the property received from her husband's estate in her gross estate for estate tax purposes is not inconsistent and the issue of whether estoppel is proper never arises. Plaintiff cites the case of Security-Peoples Trust Company v. United States, 238 F.Supp. 40 (W.D.Pa.1965), as supporting her contention that the powers described in § 2041 and § 2056 are one and the same. This case involved the obligation of a testamentary trustee and is concerned with the issue of "ascertainable standards" and is not relevant to the question before us here.

## DEDUCTIBILITY OF THE CLAIM OF HELEN B. LYALL

■ Turning to the second issue of whether the interest claimed by Helen B. Lyall represented a deductible claim against the estate under § 2053, the Court holds that it does not.

Section 20.2053–4 of the Internal Revenue Regulations states:

"The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death . . . ."

See United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195 (1963).

It is apparent from the stipulated facts that the claim of Mrs. Lyall was not a personal obligation of Mrs. Brown existing at the time of her death, but that Mrs. Lyall was a residuary legatee taking under a will, i. e., the will of Douglas R. Brown.

## CONCLUSION

Pursuant to the foregoing discussion, the Court finds and adjudges that the property received from deceased, Helen F. Brown, husband's estate, is includible in Helen F. Brown's gross estate for estate tax purposes because she did have a "general" power of appointment over the property, and that the claim of Helen B. Lyall is not a claim against the estate within the meaning of § 2053(a)(3) so as to be deductible.

The Court feels that the equities in this case rest clearly with the plaintiff. The tax imposed on the portion of the property which had previously been subjected to tax in the estate of Mr. Brown is obviously a circumvention of the spirit and purpose of the marital deduction provisions of the statute. This Court has had occasion to discuss the application of the marital deduction statute at length in *Coleman,* supra, and *Woerner,* supra, and First National Bank of Topeka v. United States, D.C., 233 F.Supp. 19. Considerable time has been devoted to the questions raised in this case. The Court feels that if under any proper interpretation of the law the plaintiff could prevail, such should be the determination of the case. But the statutes enacted by Congress leave no alternative than to sustain defendant's claim that no marital deduction could be established in the estate of Douglas R.

Brown. The same must be said in considering the property which the statute requires to be included in the estate of Helen F. Brown for estate tax purposes. Courts are admonished not to stray from statutory language in considering the application of the statutes involved. Jackson v. United States, 376 U.S. 503, 510, 84 S.Ct. 869, 11 L.Ed.2d 871.

Judgment must be entered for the defendant.