No. 58,202

GLENN C. GASKILL, Executor of the Estate of Sophie B. Gaskill, Deceased, *Appellee*, v. UNITED STATES OF AMERICA, *Appellant*.

(708 P.2d 552)

Opinion filed October 25, 1985.

*William P. Wang,* of the United States Department of Justice, argued the cause, and *Michael L. Paup, Robert A. Bernstein,* and *Glenn L. Archer, Jr.,* all of Washington, D.C., and *Benjamin L. Burgess, Jr.,* of Wichita, were with him on the brief for appellant.

*Jack E. Dalton,* of Mangan, Dalton, Trenkle & Rebein Chartered, of Dodge City, argued the cause, and *Michael A. Doll,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This case is here on certification from the Tenth Circuit Court of Appeals. The United States appealed from a judgment of the United States District Court for the District of Kansas in which the district court had determined that under Kansas law the life tenant under a will did not have the right to consume the corpus of the life estate, and, therefore, the value of the life estate was not taxable as a part of the life tenant's estate upon her death. *Gaskill v. United States,* 561 F. Supp. 73 (D. Kan. 1983). After oral argument, the Tenth Circuit Court of Appeals, pursuant to the certification procedures set forth in K.S.A. 60-3201 *et seq.,* certified the following question to the Kansas Supreme Court: "Does a life tenant of property given to her in a will which authorizes her to dispose of the property as provided in Article III [of the Gaskill will] have a right under Kansas law to consume the corpus where Article IV of the [Gaskill] will gives the remainder 'subject to the life estate'?"

E. L. Gaskill died testate in 1952. His wife, Sophie B. Gaskill,

died in 1979. Under the terms of her husband's will, she received certain property interests. Paragraph III of the will provided:

"If my said wife survive me I give, devise and bequeath her a life estate in and to all of the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated or located, with full rights, powers and authorities to sell, convey, exchange, lease for oil and gas and otherwise, assign, transfer, deliver and otherwise dispose of any part or all of said estate during her lifetime, all without authority of or order from any Court."

Paragraph IV of the will stated in part:

"Subject to said life estate I give, devise and bequeath all of the remainder of my estate, or if my wife not survive me then all of the rest, residue and remainder of my estate after payment of all items in Paragraph II hereof unto my children . . . equally, share and share alike, in *fee simple* . . . ."

Although the executor/taxpayer originally included the value of the life estate in the gross estate, the executor subsequently filed an amended return claiming a refund of $90,306.62 in estate taxes. Upon the denial of the claim for refund, the executor filed suit in the federal district court for refund.

Pursuant to cross-motions for summary judgment, the district court held that, although the will granted the decedent far-reaching powers to dispose of the life estate, under Kansas law the decedent had a "correlative duty on her to make any such dispositions for full consideration and to hold the proceeds as a quasi-trustee for the remaindermen." According to the court, the decedent did not possess under state law the power to appoint any of the life estate either to herself or to her creditors, and, therefore, did not have a general power of appointment under Section 2041 of the Internal Revenue Code of 1954 such that the value of the life estate should be included in her gross estate.

The United States argues that the language of the Gaskill will gave Sophie Gaskill the right to consume the entire corpus of the life estate, subject to the sole limitation that she could not give the property away. It contends that the phrase "all of the remainder" should be interpreted to mean "whatever is left," suggesting that the testator gave Sophie the right to consume any part of the property in the life estate, with whatever was left going to the remaindermen.

The executor argues, however, that the power to dispose of the property did not include the power to consume, and that Sophie Gaskill held the property in a quasi-trust for the remain-

dermen, subject to any powers of consumption she had in the life estate.

When construing the provisions of a will this court is required to place itself in the shoes of the testator at the time he made the will and determine as best it can the purpose and intentions he endeavored to convey by the language used. The tools in aid of the search for the testator's intention are the language contained within the four corners of the document, plus any extraneous circumstances surrounding its execution which assist in understanding his true intent and purpose. *In re Estate of Lehner,* 219 Kan. 100, 547 P.2d 365 (1976).

The United States District Court, in reaching its decision, reviewed three prior Kansas cases:

> *In re Estate of Lehner,* 219 Kan. 100, in which the will granted a life estate with power of disposition in "all of the rest, residue and remainder" of the testator's property, and provided that "the remainder of such residue remaining" at the death of the life tenant should go to the remaindermen.
>
> *Pearson v. Orcutt,* 106 Kan. 610, 189 Pac. 160 (1920), in which the testator granted a life estate with power of disposition in "all property, real, personal, and mixed," with an additional provision directing that, in the event the life tenant "shall not have sold or disposed of all of my property prior to▪her death . . . then out of such of my estate as shall remain," a sum certain was to be paid to an identified recipient and the remainder was to go to the remaindermen.
>
> *Condon Nat. Bank of Coffeyville, Kan. v. United States,* 349 F. Supp. 755, 756 (D. Kan. 1972), in which the will provided:
>
>> " 'SECOND: All of the rest and residue of my property, real, personal or mixed, whatsoever and wheresoever situated, in which I may have any interest at the time of my death, I give, devise, and bequeath unto my beloved wife, HELEN F. BROWN, with full power to sell or dispose of the same or any part thereof as to her shall seem best: PROVIDED That whatever of my said property, if any, shall remain undisposed of at the time of the death of my wife, HELEN F. BROWN, I give, devise and bequeath the same, one-half to my heirs then surviving, and one-half to the heirs of my wife then surviving.' "

The United States District Court determined that:

> "The distinction between the language in E. L. Gaskill's will and the language in the wills in these three cases is immediately apparent. In the latter three cases, the testators explicitly recognized the possibility that the property held by the life tenants would diminish in quantity and value before that property found its

way into the hands of the remaindermen by the use of language such as 'the remainder of such residue remaining,' 'such of my estate as shall remain,' and 'whatever of my said property, if any . . .' The Gaskill will, in strong contrast, unambiguously directs that *all* of the life estate property shall go to the remaindermen at the life tenant's death." 561 F. Supp. at 77.

The United States District Court's holding follows the majority rule in other jurisdictions. Where there are no clear provisions governing disposition of the proceeds of a sale by a life tenant in the will, the proceeds of a sale or disposition by a life tenant take the place of the property sold, so that title thereto is in the remaindermen, subject to such rights of possession, user, investment, reinvestment, expenditure, or consumption as may have been given the life tenant under the will. Annot., 47 A.L.R.3d 1078, 1082. See also 51 Am. Jur. 2d, Life Tenants and Remaindermen § 68.

A power of sale is not property, but is a personal authority. It is not inconsistent with a life estate. Its existence does not enlarge a life estate, nor does it change the relation to the remaindermen when annexed to the life estate. A life tenant with power to sell real property devised to her for life with remainder to designated persons is a trustee or quasi-trustee and occupies a fiduciary relation to the remaindermen, and in the exercise of that power, the life tenant owes to remaindermen the highest duty to act honestly and in good faith by selling the property to a bona fide purchaser for the best price offered. *Windscheffel v. Wright,* 187 Kan. 679, 360 P.2d 178 (1961), 89 A.L.R.2d 636. If the power of sale or disposal by a life tenant under the will is merely the ordinary one bestowed on a custodian of property, and no words suggesting that the remaindermen may be compelled to take less than the entire corpus are employed, the will is construed to permit the life tenant to have only the income derived from the life estate.

*Windscheffel* was reaffirmed in *Noel v. Noel,* 212 Kan. 583, 512 P.2d 324 (1973), where the court said that the duty of a life tenant was the same whether or not the will specifically required the life tenant to hold the proceeds of any sale for the remainderman. The existence or extent of the privilege of a life tenant with a power of sale or disposition, or both, to use or consume the proceeds of a sale or disposition effected thereunder, and thereby reduce or eliminate the remaindermen's eventual acquisition, is dependent upon the intent of the testator. The duty

to conserve the proceeds of a sale exists whether explicit or implicit; if there is a right to consume it means only that the trust will be limited to that portion of the corpus which is not expended by the life tenant.

Here E. L. Gaskill stated in Paragraph I of his will that if his wife survived him, he gave to her in *fee simple* certain real and personal property plus an undivided one-half interest in the rest, residue and remainder of his estate. Gaskill's purpose in this paragraph was to take full advantage of the marital deduction allowed by law when transferring one half of the property to his wife in *fee simple.*

In Paragraph III Gaskill provided that if Sophie survived him she would have a life estate in the remaining balance of his estate not given to her in *fee simple* by Paragraph I of his will. The widow was then given the right "to sell, convey, exchange, lease . . ., assign, transfer, deliver *and* otherwise dispose of . . ." the property composing her life estate.

In Paragraph IV, the testator gave *"all* of the remainder," the property that composed the widow's life estate, to his children in *fee simple.* Gaskill's purpose here was to ensure his children received the greatest estate one can possess. When a testator provides that the remaindermen receive the remainder of the estate in *fee simple,* he implies an unlimited estate of inheritance subject only to the provisions of the life estate. *Parker v. Conrad,* 74 Kan. 111, 85 Pac. 810 (1906).

Paragraph III of the will does not expressly grant the life tenant the power to consume. When the power to consume is not expressly granted by the will to the life tenant, it must be implied by the testator within the instrument. We do not find that the testator implied that the life tenant have the right to consume the corpus of the life estate.

The United States District Court correctly determined under Kansas law that the E. L. Gaskill will did not express or imply that the life tenant had the right to consume the life estate property, that Sophie Gaskill was a life tenant with the power of disposition, and that she was a trustee or quasi-trustee for the remaindermen. She was obligated to preserve the life estate property for the remaindermen. She could not dispose of the corpus of the life estate by will, gift or for less than adequate

consideration. The will granted the life tenant only the income generated by the life estate property during her life.

The answer to the question certified by the United States Court of Appeals for the Tenth Circuit is simply "No."